IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MELISSA KOHSER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO.: CV-11-JHE-3915-S |
| PROTECTIVE LIFE CORPORATION, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This case comes before the court on the plaintiff's Motion to Extend Discovery and Dispositive Motion Deadline. (Doc. 22). On February 27, 2013, the court denied the motion without opinion. (February 27, 2013, Margin Order). On March 6, 2013, the plaintiff filed objections to that order. (Doc. 25). The defendant filed a response to the objections. (Doc. 27). On May 21, 2013, the magistrate entered a second order on the motion, first setting out the relevant procedural history, and then explaining:

> The court, in its discretion, ruled that, because the plaintiff had not acted in a timely manner, either to conclude her discovery or to file a motion for an extension of discovery, her motion to extend discovery was denied. That ruling stands.

(Doc. 29 at 2). The plaintiff filed her objections to this order on June 17, 2013.[1]

---

[1] The objection was filed late with the permission of the court. (Doc. 30, and May 24, 2013, Margin Order).

(Doc. 33). The defendant responded to the new objections on June 25, 2013. (Doc. 35). On June 28, 2013, the magistrate referred this matter to the undersigned "for the purpose of reviewing [the magistrate's] May 21, 2013 order." (June 28, 2013, Margin Order).

For the reasons stated herein, the objections to the magistrate's orders will be **OVERRULED**.

## I.   STANDARD

The orders at issue in this case are "nondispositive." Further, "a magistrate judge ruling on a nondispositive matter does not somehow mutate into a ruling on a dispositive matter simply because that ruling ultimately affects the outcome of a claim or defense. *Pigott v. Sanibel Dev., LLC*, CIVA 07-0083-WS-C, 2008 WL 2937804 at *4 (S.D. Ala. July 23, 2008) (and cases cited therein).

This court may reconsider such orders "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."); *Merritt v. International Broth. of Boilermakers,*

649 F.2d 1013, 1017 (5th Cir. Unit A June 1981)[2] ("Pretrial orders of a magistrate under s 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination...."); *Dees v. Hyundai Motor Mfg. Alabama, LLC*, 524 F. Supp. 2d 1348, 1352 (M.D. Ala. 2007) ("[T]he question for a court reviewing a magistrate judge's order on the issue is whether the magistrate judge was clearly erroneous, that is, whether he abused his discretion."); *Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs.,* 122 F.Supp.2d 1335, 1337 (M.D.Fla.2000); *Williams v. Wright,* No. 3:09–cv–055, 2009 WL 4891825, at *1 (S.D.Ga. Dec. 16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider ... objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.' ") (quoting Rule 72(a)).

Clear error is "a highly deferential standard." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)

> As the Supreme Court has explained, a "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (quoting *United*

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

3

*States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

*Holton*, 425 F.3d at 1350-51; *see also Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir.1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A) ] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Pigott*, 2008 WL 2937804 at *5; *see also*, *Malibu Media, LLC v. Doe*, 3:12-CV-575-J-34TEM, 2013 WL 525352 at *6 (M.D. Fla. Feb. 13, 2013); *Botta v. Barnhart*, 475 F.Supp.2d 174, 185 (E.D.N.Y.2007).

Finally, and importantly, the Eleventh Circuit has clearly stated that "a . . . court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011).

## II. PROCEDURAL HISTORY

In the magistrate's February 27, 2012, scheduling order, he provided for over 30 weeks of discovery, setting the original discovery deadline on September 28, 2012. (Doc. 11 at 2). On September 17, 2012, the discovery period was substantially

complete, with only 11 days remaining until the deadline. On that date, the magistrate referred the case to mediation and stayed discovery. In that order, the court explicitly stated that "all unexpired deadlines are STAYED until the mediation is completed. Once the mediation is completed the time remaining on any stayed deadlines will begin to run again." (September 17, 2012, Margin Order).[3]

On December 4, 2012, the parties participated in a one day mediation which was not successful. (Doc. 15 at 1). By the terms of the magistrate's order, once the mediation had concluded, the remaining 11 days in the discovery period began to run.

On December 12, 2012, the magistrate ordered the parties to file a status report. The parties filed a report on December 14, 2012, informing the court as to the date of the unsuccessful mediation, and asking the court to set a "scheduling conference." (Doc. 15 at 1). On December 17, 2012, the court denied the motion and noted that

> [p]er this court's previous orders, the scheduling order deadlines that had not expired as of 9/17/12 began to run again after 12/4/12 (the date of the mediation). The discovery deadline has now expired. The new dispositive motion deadline is 1/17/12.

---

[3]The stay was consistent with the Northern District of Alabama's Alternative Dispute Resolution Plan which provides that

> [u]pon the entry of an order directing mediation, proceedings in the dispute in mediation will be stayed as to the parties in mediation for such time period as may be set by the court.

N.D. Ala. ADR Plan at IV. B. 4. (http://www.alnd.uscourts.gov/Local/adr_plan.htm#_1_8).

(December 17, 2012 Margin Order).  <u>No objections to that order were filed</u>.

The Defendant filed its Motion for Summary Judgment on January 17, 2013. (Doc. 17).  Pursuant to the court's summary judgment scheduling order, the deadline for the plaintiff to respond to that motion was February 7, 2013.  (Doc. 11 at 4) ("The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed.") The plaintiff did not file a timely response to the motion for summary judgment.  Instead, on February 8, 2013, more than seven weeks after the court's December 17, 2012, margin order, and one day <u>after</u> the plaintiff's summary judgment response brief was due, the plaintiff first asked for an extension of the discovery deadline. (Doc. 22).

### III. ANALYSIS

#### A. <u>Timeliness of the Objections</u>

The parties refer to three post mediation orders of the magistrate: the December 17, 2012, Margin Order stating that discovery was complete; the February 27, 2013, Margin order denying the plaintiff's motion for an extension; and the May 21, 2013, Order explaining the February 27, 2013, order.

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure "[a] party may serve and file objections to [a nondispositive] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected

to." Fed. R. Civ. P. 72(a). Because the plaintiff never objected to the December 17, 2012, order, any objections to that order have been waived. *See, Smith v. Clemons*, 465 F. App'x 835 n. 1 (11th Cir. 2012) (objections to order entered under Rule 72(a) are waived unless timely made). This seems to be a non-issue however, as the plaintiff's motion, and subsequent objections, do not allege fault with this order.

As to the other orders, the defendant argues that "[p]laintiff is attempting to circumvent [Rule 72(a)] by filing a new motion and then objecting to the ruling on that motion." (Doc. 27 at 11; doc. 35 at 10). This argument assumes that the magistrate's orders are the same. They are not. The first order noted that discovery was concluded. The second and third orders refused to re-open discovery under Rule 56(d). The court will consider the objections to those orders since those objections were timely.

## B.   The Magistrate's Orders Were Not An Abuse of Discretion

To understand the magistrate's orders, it is important to first understand what additional discovery the plaintiff seeks. She states that "she had been denied the opportunity to complete depositions already scheduled and [d]efendant had produced witnesses and documents not previously identified in its initial disclosures." (Doc. 25 at 12; doc. 33 at 11-12). Based on this statement, and on the subsequent arguments in the plaintiff's motion and objections, it seems clear that she seeks

additional discovery on two separate fronts.  First, she seeks to complete discovery that the parties anticipated, but was not completed, before the discovery deadline.  Second, she wants to engage in <u>new</u> discovery to investigate evidence which she says the defendant failed to disclose in a timely manner, and which was cited by the defendant in support of its motion for summary judgment.  The court will address each category in turn.

> **1.    *Discovery Begun but Not Completed at the Time the Parties Were Ordered to Mediation.*[4]**

The plaintiff's states that she <u>knew</u>, at the time the mediation ended, that she only had 11 days of discovery remaining.  (Doc. 25 at 11; doc. 33 at 11).  She also states that, before the discovery deadline ran, she knew that she had not completed her discovery.  (Doc. 25 at 10).  Specifically, as to the deposition of Michael Guy Bell, the plaintiff's supervisor, she states that

> [the 30(b)(6) deposition] began on August 29, 2012 and continued on August 30, 2012, and his individual deposition began on August 30th and remains unfinished[.]

(Doc. 22 at 2).  As to Cliff Neal, the plaintiff's replacement and alleged comparator, the plaintiff writes that the "[d]eposition was scheduled twice, but never taken due to mediation and scheduling issues with continuation of Bell deposition."  (Doc. 22

---

[4]The parties' briefs discuss at length all aspects of discovery in this case.  In this opinion, the court will only discuss discovery that is relevant to the objections.

at 2).

As early as September 5, 2012, even before the parties had been ordered to mediation, the plaintiff's counsel knew "that it may be necessary for the parties to move for an extension of the discovery deadline." (Doc. 25 at 6; doc. 33 at 5). Indeed, in an email to defense counsel dated September 5, 2012, plaintiff's attorney Karen Cleveland noted that "we may need to move for an extension of [the discovery] deadline." (Doc. 25-1 at 31). The plaintiff states that, on September 6, 2012, she "began writing Defendant's counsel about completing deposition discovery."[5] (Doc. 22 at 2). However, discovery was not rescheduled because "[d]efendant's counsel was out of the country and then the Court entered an Order for mediation."[6] (Doc. 22 at 2). Even though plaintiff's counsel says she proposed earlier dates, she states that the parties eventually "agreed to continue the depositions during the last week of September." (Doc. 33 at 5). The defendant states that they <u>offered</u> to do the depositions between September 25-28, but that they received no response. (Doc. 27

---

[5] In her objections she states that she began contacting defense counsel on September 5, 2012. (Doc. 25 at 6; doc. 33 at 4).

[6] The plaintiff also discusses the attempts to take these depositions in document 25 at pages 4-6, and document 33 at pages 3-4. With slightly more detail, the account is substantially the same as that written above.

at 5; doc. 35 at 5).[7] In any case, once the magistrate stayed discovery the depositions did not occur.

Even knowing that she still needed to complete the above referenced depositions, and being well aware of the approaching discovery deadline, the plaintiff did not move for an extension before the discovery period expired. Later, after the court stated in its December 17, 2012, order that discovery was complete, she did not move for discovery to be reopened, or object to that order.[8] After the defendant filed its motion for summary judgment, she still did not move to reopen discovery until February 8, 2013, more than seven weeks after the court's December 17, 2012, margin order, and one day after the plaintiff's summary judgment response brief was due. To the extent that the plaintiff's motion seeks to reopen discovery so that she can take the Bell and Neal depositions, she has made no attempt to explain this delay. Under these circumstances, and considering the clear terms of the scheduling order and the magistrate's subsequent orders setting deadlines, the court does not find the

---

[7] In her objections (docs. 25, 33) the plaintiff states that "[b]ut for the [c]ourt's intervening order sending the parties to mediation, discovery would have been completed as scheduled." (Doc. 25 at 10; doc. 33 at 10). However, the plaintiff has cited no agreement to actually conduct these depositions at that time.

[8] The parties agree that the plaintiff considered such a motion. On January 8, 2013, plaintiff's counsel asked defendant's counsel if she would oppose such a motion. (Doc. 22 at 4; doc. 27 at 28). Defense counsel stated that she did. This request was 4 weeks after the magistrate's order stating that discovery was closed, and just days before the expiration of the dispositive motion deadline. The plaintiff did not file the motion.

refusal to extend the deadline to be clear error or contrary to law.

### 2.  *The Plaintiff Is Not Entitled To New Discovery.*

The plaintiff's motion also cites Rule 56(d) which provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

>   (1) defer considering the motion or deny it;
>   (2) allow time to obtain affidavits or declarations or to take discovery; or
>   (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). She states:

> In [the motion for summary judgment] [d]efendant cites and relies on witnesses and exhibits that were never listed in its Initial Rule 26 Disclosures. The disclosures were never supplemented. For instance, Defendant has submitted and relied on the declaration of Tamika Presswood (Doc. 18-11.) Defendant never identified Ms. Presswood in its Initial Rule 26 Disclosures. See Exhibit F.  Further comparators were identified in Defendant's motion that were also not listed in Defendant's Rule 26 Disclosures or discovery responses. (Exhibit G and H). These individuals are: Cheryl Mayo, Darlene Lyle, Kristi Cowan, Tonya Pettis, and Steven Boyd. See Doc. 19, pp. 11, 14, 15, 16, 25, 26, 31, 32, 35, 42.

(Doc. 22 at 4).[9]  The plaintiff argues:

---

[9]The plaintiff makes statements substantially similar to this in documents 25 and 33.  In document 25, she uses this exact language with the addition of the following:  "While Ms. Presswood's name had appeared elsewhere, including in Plaintiff's Initial Disclosures, Defendant never identified the nature of the discoverable information which Ms. Presswood had upon which Defendant intended to rely to supports its defenses." (Doc. 25 at 8) (citing Rule 26(a)(1)(A)(I), Fed. R. Civ. P.).  In document 33 she writes:

> Furthermore, Defendant's Motion for Summary Judgment relies on witnesses and

> Once Defendant filed its motion for summary judgment, Plaintiff's counsel assessed the evidence relied upon to support that motion and filed her Rule 56(d) motion, explaining why she needed additional time in which to complete the discovery so as to properly respond to Defendant's motion.

(Doc. 25 at 11; doc. 33 at 11). In document 33 she states: "Not only has Plaintiff not had the opportunity to depose any of those witnesses, she had no reason to believe they needed to be deposed until after Defendant filed its motion for summary judgment. (Doc. 33 at 8). She argues that the plaintiff "has had no opportunity to finalize discovery and would be denied due process . . . if she were not allowed an opportunity to finish discovery and present evidence in opposition to [d]efendant's dispositive motion." (Doc. 22 at 5).[10]

The Eleventh Circuit has held that

---

> exhibits that were never listed in its Initial Rule 26 Disclosures, such as the declaration of Tamika Presswood. (Doc. 18-11.) Furthermore, five other individuals were identified in Defendant's moving papers who were not listed in Defendant's Rule 26 disclosures or discovery response. (Docs. 22-7, 22-8; Doc. 19, pp. 11, 14, 15, 16, 25, 26, 31, 32, 35, 42.)

(Doc. 33 at 8).

[10]Similarly, in document 33 she states:

> Because Plaintiff has not had an opportunity to complete her discovery or to depose the new witnesses relied upon by Defendant, she will be denied due process under the Constitution and the laws of the United States if she is required to respond to Defendant's dispositive motion without the ability to depose the witnesses upon whom Defendant relies.

(Doc. 33 at 8).

> [a] party requesting a continuance under [Rule 56(d)] must present an affidavit containing specific facts explaining his failure to respond to the adverse party's motion for summary judgment via counter affidavits establishing genuine issues of material fact for trial. "The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts," but must show the court how the stay will operate to permit him to rebut, through discovery, the movant's contentions. The grant or denial of a continuance is within the sound discretion of the trial court.

*Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989). In support of the motion, plaintiff's counsel submitted an affidavit which contains nothing more than "vague assertions" that the additional discovery will assist the plaintiff. She states only that "additional discovery is needed" to respond to the motion. (Doc. 22-9 at 4). The affidavit discusses none of the contentions in the motion for summary judgment, nor does is show the court how reopening discovery "will operate to permit [her] to rebut" those contentions.

Further, the motion should be denied "where, as here, ample time and opportunities for discovery have already lapsed. *Sec. & Exch. Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980) (*citing First National Bank v. Cities Service Co.*, 391 U.S. 253, 294-99, 88 S.Ct. 1575, 1595-96, 20 L.Ed.2d 569 (1968); 10 C. Wright & A. Miller, Federal Practice and Procedure s 2740 at 726 (1973) (rule 56(f) will not be applied to aid a nondiligent party). *See also, Barfield v. Brierton*, 883 F.2d 923, 932 (11th Cir. 1989) ("Several aspects of the record

indicate that the plaintiff had ample time and opportunity for discovery, yet failed to diligently pursue his options."). In this case the plaintiff had over 30 weeks within which to complete her discovery. Although the parties did engage in discovery, the plaintiff admits that she waited until she saw the defendant's evidence offered in support of its motion for summary judgment before asking for an extension. If, as she argues, the defendant failed to properly disclose information, that is an argument for <u>excluding</u> the evidence, not reopening discovery. See Fed. R. Civ. P. 37 (c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion[.]").[11]

The court finds that the magistrate's order was not clearly erroneous or contrary to law. The plaintiff's objections are, therefore, **OVERRULED**. The magistrate's orders stand.

**DONE** and **ORDERED** this 8th day of August, 2013.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[11] Despite the parties' arguments on whether these witnesses were in fact properly disclosed, that issue is not before this court and the court makes no ruling on that issue.