FILED
2015 Mar-25  PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **MELISSA KOHSER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 2:11-CV-3915-VEH** |
| ) | |
| **PROTECTIVE LIFE** ) | |
| **CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

---

## MEMORANDUM OPINION

## I.    Introduction and Procedural History

Plaintiff Melissa Kohser ("Ms. Kohser") initiated this job discrimination case against Protective Life Corporation ("Protective") on November 15, 2015, relating to her demotion and subsequent dismissal from the company. (Doc. 1). Her complaint contains seven counts:  Count One is for discrimination under the federal Age Discrimination in Employment Act ("ADEA") (Doc. 1 ¶¶ 35-48); Count Two is for discrimination under the Alabama Age Discrimination in Employment Act ("AADEA") (Doc. 1 ¶¶ 49-54); Count Three is for race discrimination, harassment, and retaliation under 42 U.S.C. § 1981 (Doc. 1 ¶¶ 55-62); Count Four is for Title VII gender discrimination (Doc. 1 ¶¶ 63-69); Count Five is for violations of the Equal Pay

Act (Doc. 1 ¶¶ 70-77); Count Six is for negligent and wanton hiring, training, supervision, and retention (Doc. 1 ¶¶ 78-85); and Count Seven is for conversion. (Doc. 1 ¶¶ 86-98).

This matter is before the court on the objections (Doc. 60) of Ms. Kohser to Magistrate Judge John H. England, III's report and recommendation (the "R&R") (Doc. 59),[1] which recommends that Protective's  Motion for Summary Judgment (Doc. 17) (the "Motion") be granted and that Ms. Kohser's lawsuit be dismissed with prejudice. (Doc. 59 at 54). Protective's Motion, evidentiary materials, and supporting brief were all filed on January 17, 2013. (Docs. 17-19). Protective made a supplemental evidentiary submission on January 18, 2013. (Doc. 21). Ms. Kohser filed her opposition to the Motion on September 5, 2013. (Doc. 44).[2] Protective followed with its reply (Doc. 48) on September 20, 2013.

The R&R was entered on January 13, 2015.[3] (Doc. 59). Ms. Kohser's objections were filed on January 27, 2015. (Doc. 60). This case was randomly

---

[1]  The parties have not consented to the jurisdiction of the magistrate judge. Therefore, in accordance with 28 U.S.C. § 636(b), the magistrate judge entered a report and recommendation.

[2]  All page references to Doc. 44 correspond with the court's CM/ECF numbering system.

[3]  Prior to deciding the R&R, on January 7, 2015, the magistrate judge entered a Memorandum Opinion and Order (Doc. 58), addressing several evidentiary issues pertaining to the record on summary judgment. Ms. Kohser does not object to any of those evidentiary rulings decided in that Memorandum Opinion and Order.

reassigned to the undersigned judge on January 28, 2015. (Doc. 61). On February 6, 2015, Protective filed a response (Doc. 62) to Ms. Kohser's objections. The matter, therefore, is now under submission, and, for the reasons explained below, the court **SUSTAINS** Ms. Kohser's objections **IN LIMITED PART**, alternatively **TERMS** them as **MOOT IN PART**, and otherwise **OVERRULES** them. Additionally, the court **ACCEPTS** Magistrate Judge England's R&R as modified herein. Further, the Motion is due to be **GRANTED**, and this case is due to be **DISMISSED WITH PREJUDICE**.

## II.    Standards

### A.    Summary Judgment Generally

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R . Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510,  91 L. Ed. 2d 202 (1986). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine

issue for trial.'" *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)).

Finally "[i]f the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense." *International Stamp*, 456 F.3d at 1274 (citing *Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

## B.   Employment Discrimination Generally

A plaintiff in an employment discrimination case maintains the ultimate burden of proving that the adverse employment decision was made because of intentional discrimination. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143, 120 S. Ct. 2097, 2106, 147 L. Ed. 2d 105 (2000) ("Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 1093, 67 L. Ed. 2d 207 (1981))); *Nix v. WLCY Radio/Rahall Comms.*, 738 F.2d 1181, 1184 (11th Cir. 1984) ("A Title VII disparate treatment plaintiff must prove that the defendant acted with

discriminatory purpose." (citing *Clark v. Huntsville City Board of Education*, 717 F.2d 525, 529 (11th Cir. 1983))).

Although the Supreme Court has established the basic allocation of burdens and order of proof in a disparate treatment case, *see, e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); *Burdine*, *supra*; *Desert Palace v. Costa*, 539 U.S. 90, 123 S. Ct. 2148, 56 L. Ed. 2d 84 (2003), that framework applies only in cases in which there is no direct evidence of discrimination. *See Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 595 (11th Cir. 1987) ("The *McDonnell Douglas-Burdine* patterns of proof were designed to ease the evidentiary burdens on employment discrimin[a]tion plaintiffs, who rarely are fortunate enough to have access to direct evidence of intentional discrimination."(citing *Thornbrough v. Columbus and Greenville R.R.*, 760 F.2d 633, 638 (5th Cir. 1985), *abrogated on other grounds by St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742, 125 L. Ed. 2d 40 (1993))).[4]

Under the *McDonnell Douglas/Burdine* scheme, a plaintiff first has the burden of proving by a preponderance of evidence a prima facie case of discrimination.

---

[4] As the Eleventh Circuit has explained, "only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, . . . constitute direct evidence of discrimination." *Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir. 1989) (citing *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 610-11 (11th Cir. 1987)). Based upon this standard, Ms. Kohser's case is, at best, purely a circumstantial evidence one.

Second, once the plaintiff proves a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. Finally, if the defendant carries its burden, the plaintiff must *either* prove by a preponderance of the evidence that the legitimate reasons offered by the defendant are merely a pretext for discrimination *or* present sufficient evidence, of any type, for a reasonable jury to conclude that discrimination was a "motivating factor" for the employment action, even though the defendant's legitimate reason may also be true or have played some role in the decision. *McDonnell Douglas*, 411 U.S. at 802-05, 93 S. Ct. at 1824-26; *Burdine*, 450 U.S. at 252-54, 101 S. Ct. at 1093-94; *Desert Palace*, 539 U.S. at 101-02, 123 S. Ct. at 2155.

## C.    Age Discrimination

### 1.    ADEA

The ADEA provides that "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to fall under the ADEA's protections, an employee must be "at least 40 years of age[,]" 29 U.S.C. § 631(a), and the plaintiff "retains the burden of persuasion to establish that

age was the 'but-for' cause of the employer's adverse action."[5] *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 177, 129 S. Ct. 2343, 2351, 174 L. Ed. 2d 119 (2009) (emphasis added).

The Eleventh Circuit "has adopted a variation" of the *prima facie* case standard articulated by the Supreme Court for Title VII claims in *McDonnell Douglas* for cases arising under the ADEA. *Mitchell v. Worldwide Underwriters Ins. Co.*, 967 F.2d 565, 566 (11th Cir. 1992). "Under this variation of the *McDonnell Douglas* test for establishing a *prima facie* case of discrimination, the plaintiff must show that he (1) was a member of the protected group of persons between the ages of 40 and 70, (2) was subject to adverse employment action, (3) was replaced with [or not selected for a position over] a person outside the protected group, and (4) was qualified to do the job." *Mitchell*, 967 F.2d at 566 (citing *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989)); *see also Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1333 (11th Cir. 1998) ("To establish his *prima facie* case of discriminatory failure to promote, Standard must show that (1) he was in a protected group; (2) he was not given the promotion; (3) he was qualified for the position and (4) someone outside of the protected group was given the position." (citing *Coutu v.*

---

[5] In contrast to the <u>motivating factor</u> standard that is applicable in some types of Title VII lawsuits.

*Martin County Bd. of County Commissioners*, 47 F.3d 1068, 1073 (11th Cir. 1995))).

"If this is done, the defendant has the burden of going forward and articulating a legitimate, non-discriminatory rationale for the [adverse employment action]." *Verbraeken*, 881 F.2d at 1045. "Finally, if the defendant rebuts the presumption of discrimination, the plaintiff must prove by a preponderance of the evidence that the employer's asserted reason is merely a pretext for a discriminatory [action]." *Id.*

### 2.    AADEA

Ms. Kohser also asserts violations of the AADEA. Claims arising under the AADEA are analyzed according to the same framework as the ADEA. *See Robinson v. Alabama Cent. Credit Union*, 964 So. 2d 1225, 1228 (Ala. 2007) ("[T]he federal courts have applied to AADEA claims the same evidentiary framework applied to federal age-discrimination claims."); *id.* (citations omitted) ("We agree that this framework . . . is the proper means by which to review an AADEA claim.").

### D.    District Court Review of Report and Recommendation

After conducting a "careful and complete" review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982)

(quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982),[6] *overruled on other grounds by Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996), *superceded by statute on other grounds as recognized by ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012)). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess., reprinted in 1976 U.S. Code Cong. & Admin. News 6162, 6163). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[7]

---

[6]  The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[7]  *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct.

"Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (internal quotation marks omitted) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)). It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See*, *e.g.*, *United States v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court."). However, the district judge has discretion to consider <u>or</u> to decline to consider arguments that were not raised before the magistrate judge. *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("Thus, we answer the question left open in *Stephens* and hold that a district court has

---

466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id*. at 410. Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Williams*, 557 F.3d at 1292 (internal quotation marks omitted) (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

## III.   Analysis

### A.   Threshold Considerations

#### 1.   Ms. Kohser's Introductory Section of Her Objections

The R&R recommends that summary judgment be granted in favor of Protective on all counts of Ms. Kohser's complaint. In the introductory section of her objections, Ms. Kohser only plainly challenges the dismissal of her claims for age and sex discrimination:

While Plaintiff objects to the Magistrate Judge's Report and

Recommendation in its entirety, she particularly objects to the conclusion that she has not presented sufficient evidence to withstand summary judgment as to her claims that she was demoted and later terminated because of her age and/or her sex. Plaintiff contends that, when the proper summary judgment standard is applied to the evidence, she has established genuine issues of material fact as to each of her claims, but particularly as to her claims of discrimination based upon her age and/or her sex.

(Doc. 60 at 2-3).

Further, the substance of Ms. Kohser's specific objections are largely limited to the magistrate judge's disposition of her age and gender discrimination claims. First, Ms. Kohser contends that the magistrate judge ignored Protective's failure to follow its established procedures before demoting her and terminating her employment. (Doc. 60 at 11-16). Second, Ms. Kohser complains that the magistrate judge ignored her own testimony when he found that there was no evidence to show that she was unaware of any performance issues before Protective demoted her. (Doc. 60 at 17-18).

Third, Ms. Kohser maintains that the magistrate judge improperly used the so-called "same actor" and "same group" inferences when recommending that summary judgment be granted on Ms. Kohser's age discrimination claim. (Doc. 60 at 18-22). Fourth, Ms. Kohser argues that the magistrate judge erred in concluding that Protective's decisionmaker had an honest and good faith belief for his employment-

related actions that adversely affected her. (Doc. 60 at 22-28). Fifth, Ms. Kohser

urges that the magistrate judge's R&R is wrong as a convincing mosaic of facts

establish the existence of gender and/or age discrimination. (Doc. 60 at 28-29).

Finally, Ms. Kohser resists the dismissal of her derivative common-law

negligent training count premised upon the AADEA and concludes her objections as

follows:

> The Magistrate Judge's Report and Recommendation should be
> rejected in its entirety because it is based upon an erroneous application
> of the law. The Magistrate Judge ignored relevant and admissible
> evidence presented by the Plaintiff to prove her claims; made credibility
> assessments; weighed the evidence; relied upon inferences favorable to
> the Defendant and adverse to the Plaintiff; and imposed a heightened
> burden of proof on Plaintiff which is not justified under the law.
> Plaintiff has presented sufficient evidence to defeat summary judgment
> on her claims that she was demoted and terminated because of her age
> and/or her sex. Because Plaintiff can establish that she was demoted
> and/or terminated because of her age, the Magistrate Judge erred in
> recommending that her claim for Negligent/Wanton Hiring, Training,
> Supervision, and Retention Claim be dismissed. *See King v. CVS
> Caremark Corp.*, No. 1:12-CV-1715-VEH, 2014 WL 868079 (N.D. Ala.
> Mar. 5, 2014) (AADEA claim can satisfy the underlying tort
> requirement of a negligent/wanton hiring, training, supervision and
> retention claim).
>
> For all of the reasons set forth above, and all of the reasons
> articulated in Plaintiff's Response Brief In Opposition To Defendant's
> Motion For Summary Judgment (Doc. 44), Plaintiff prays that the
> Report and Recommendation of the Magistrate Judge be rejected in its
> entirety and Defendant's motion for summary judgment be denied.

(Doc. 60 at 29-30).

The court has studied Ms. Kohser's objections (Doc. 60) and nothing contained in them specifically contests or otherwise brings into question the analysis conducted by the magistrate judge in recommending a dismissal of Counts Three, Five and Seven. Instead, in contesting the R&R "in its entirety," Ms. Kohser has, at best, raised merely a generalized objection concerning these counts. As a result, this means that the magistrate judge's treatment of them is subject to only clear error scrutiny by this court.

Further, the court agrees with the contents of the R&R as to these three counts and concludes that a dismissal of them on summary judgment is appropriate. Accordingly, Ms. Kohser's general objection is **OVERRULED**, those portions of the R&R dealing with Counts Three, Five, and Seven are **ACCEPTED**, and those claims are **HEREBY DISMISSED WITH PREJUDICE** from Ms. Kohser's complaint.

## 2.    Ms. Kohser's Summary of Facts and Claims

After her introductory section, Ms. Kohser sets out a summary of facts and claims which spans over ten pages. (Doc. 60 at 3-11). Ms. Kohser's facts do not correspond with the statement provided by the magistrate judge in his R&R, fail to indicate where any of her facts deviate from the R&R, and lack specific citations to the record.

As for support for her version of the facts, in a footnote Ms. Kohser vaguely

states:

> This summary is drawn from the various statements of disputed and undisputed facts contained in the parties summary judgment papers. Plaintiff refers the Court to Defendant's Statement of Undisputed Relevant Material Facts (Doc. 19, pp. iii - xxi), Plaintiff's response to those facts (Doc. 44, pp. 9 - 39), Plaintiff's additional facts (Doc. 44, pp. 39 - 44), and Defendant's Reply to Plaintiff's facts (Doc. 48, pp. iv - xxiii).

Doc. 60 at 3 n.1.

To the extent that Ms. Kohser's factual summary can be construed as an attempted solitary or multifaceted objection to the R&R, it is **OVERRULED**, consistent with *Nettles*, *supra*, as an ineffective generalized objection under the report and recommendation process. *Nettles*, 677 F.2d at 410 n.8. Consequently, the factual summary provided by the magistrate judge in his R&R is **HEREBY ACCEPTED** by this court.

## B.    Dismissals Directly Disputed by Ms. Kohser

Ms. Kohser directly contests only the proposed dismissal of Counts One (age discrimination under the ADEA), Two (age discrimination under the AADEA),[8] Four (gender discrimination under Title VII), and Six (negligent training under Alabama

---

[8] Counts One and Two are subject to the same analytical framework, as the Supreme Court of Alabama has clarified that age discrimination claims arising under the AADEA borrow from the ADEA. *See Robinson v. Alabama Cent. Credit Union*, 964 So. 2d 1225, 1228 (Ala. 2007) ("[T]he federal courts have applied to AADEA claims the same evidentiary framework applied to federal age-discrimination claims."); *id.* (citations omitted) ("We agree that this framework . . . is the proper means by which to review an AADEA claim.").

15

law) in her objections. The court addresses the merits of Ms. Kohser's objections in the context of these counts in more detail below.

### 1.   Ms. Kohser's Specific Objection Based upon Protective's Policies and Procedures

In the first section of her specific objections, Ms. Kohser, citing to several binding and non-binding authorities, contends that, in recommending summary judgment in favor of Protective, the magistrate judge improperly failed to factor in (i) Mr. Bell's delay in explaining his reasons for demoting Ms. Kohser, and (ii) Protective's deviation from its progressive-discipline policy as evidence of age or gender-related pretext in the decisions to demote and fire her. (*Compare* Doc. 60 at 12 ("It was only after this interaction with HR that Bell created his reasons to justify the demotion of Kohser."), *with* Doc. 59 at 31 ("[T]he fact the reasons were not communicated to Kohser [in writing] is not indicative of discrimination.")).[9]

In support of her contention that Mr. Bell's delay in detailing why she was being demoted is relevant to the issue of pretext, Ms. Kohser cites to the unpublished panel decision of *Mock v. Bell Helicopter Textron, Inc.*, 196 F. App'x 773 (11th Cir. 2006) for the proposition that "[t]he Eleventh Circuit has held that delays in

---

[9]   Mike Bell ("Mr. Bell") was hired in March 2008 as the Vice President to head Protective's Reinsurance Administration Department. As pointed out in the R&R, "[t]he parties do not discuss, but appear to have mutually assumed Bell was the decisionmaker for purposes of [Ms.] Kohser's claims." (Doc. 59 at 21). Ms. Kohser does not contest this factual finding in her objections.

explaining the basis for an adverse employment action is [sic] relevant to the issue of pretext." (Doc. 60 at 12). The court rejects this part of Ms. Kohser's objections for several reasons. First, *Mock* is merely persuasive authority and, consequently, to the extent the opinion arguably suggests that <u>any</u> delay in explaining an adverse employment decision, by itself, is <u>always</u> adequate evidence of pretext, such a holding is not binding on and is rejected by this court.

Second, *Mock* involves a significantly distinguishable record. As the panel explained its pretext analysis in *Mock*:

> At the time Bell informed him [*i.e.*, the plaintiff] that he was being fired, he insisted that it give him the reason for its decision. Bell refused to do that.  It was not until later, in a letter, that it told him that he had been terminated for unacceptable performance. In light of Bell's refusal to tell Mock-at the time it fired him-why his employment had come to an end, a trier of fact reasonably could find that the letter constituted a pretext for discrimination.

196 F. App'x at 774.

Ms. Kohser states in her objections that when she "tried to get <u>further</u> explanation from Bell concerning her alleged deficiencies, Bell refused to provide any supporting information." (Doc. 60 at 11 (emphasis added)). In *Mock*, the plaintiff reportedly got <u>no</u> information from his employer, while Ms. Kohser maintains that she was denied a "further explanation" from Mr. Bell. Also, the pages from her

deposition transcript that Ms. Kohser cites to (*i.e.*, Doc. 18-1 at 54-55 at 213-14)[10] do not substantiate any "refusal" on the part of Mr. Bell to provide further support for his decision to demote her.

As the relevant portions of Ms. Kohser's deposition transcript from those pinpointed pages specifically read:

> Q.    Now do you remember Mr. Bell getting with you at the end of October to discuss, I guess, the emails you had written him, wanting to know what you were accused of and micromanaging and things like that?
>
> A.    Yes, I do.
>
> Q.    And you all met on – do you remember when you all met?
>
> A.    I don't remember the day.
>
> Q.    And who was present?  Was it you and Mr. Bell?
>
> A.    Me and Mr. Bell.
>
> Q.    Do you remember what he said to you during that meeting?
>
> A.    I don't recall everything that we discussed, but he told me that I needed to move on and let the past be the past and move on with my new job duties.
>
> Q.    Okay.  And did you tell him that you would?
>
> A.    I don't think that I replied.

---

[10] The first pinpoint references to Doc. 18-1 correspond with the court's CM/ECF numbering system.

Q.     You didn't reply at all?

A.     I don't recall if I did.

Q.     <u>You didn't say anything in that meeting</u>?

A.     <u>No, ma'am</u>.

Q.     So you walked out of the meeting without saying a word? Did you go back to work?

A.     Yes, ma'am.

Q.     <u>I'm sorry. You didn't say anything during the meeting, did you</u>?

A.     <u>Not that I recall</u>.

(Doc. 18-1 at 54-55 at 213-15 (emphasis added)). Thus, Ms. Kohser's deposition testimony fails to establish that she asked Mr. Bell <u>any</u> questions during this October 2010 meeting, much less that he refused to provide her with any answers about her work-related deficiencies.[11]   Consequently, *Mock* is simply inapplicable.

As for Ms. Kohser's pretext challenge premised upon Protective's disciplinary

---

[11]   Ms. Kohser also lists several multipage exhibits (without any pinpoint citations or explanations) which she similarly claims substantiate a "refusal" on the part of Mr. Bell to provide her with supporting information about her performance deficiencies. However, because Ms. Kohser fails to describe which portions of these records support her point, the court rejects her position as underdeveloped. Further, at least one of these cited records includes talking points for the meeting that Ms. Kohser and Mr. Bell had in October 2010 (Doc. 21-6 at 34 at P's Ex. 39) and indicates that Mr. Bell shared with Ms. Kohser "objectives of the restructure" and "a few of the other reasons that influenced [his] thinking about where to position [Ms. Kohser] in the new structure." (*Id.* at 35). This evidence demonstrates a willingness on the part of Mr. Bell to meet and communicate with Ms. Kohser, as opposed to an outright refusal to provide <u>any</u> information at the time of the adverse decision, as stated in *Mock*.

policy, while the Eleventh Circuit has held that departing from <u>established</u> hiring policies and procedures may serve as pretext, *see, e.g., Morrison v. Booth*, 763 F.2d 1366, 1374 11th Cir. 1985) ("Departures from <u>normal</u> procedures may be suggestive of discrimination.") (emphasis added), in this instance, the specific wording on the sample Corrective Action Form relied upon by Ms. Kohser does not <u>require</u> that a written document always be used.[12] (*See* Doc. 21-4 at 67 ("The 'form' format <u>should</u> be used for non exempt and exempt employees below salary grade 116.")).

Additionally, as a Rule 30(b)(6) designated witness for Protective, Human Resources Director Melanie Taylor McNary ("Ms. McNary") testified, the Corrective Action Form is not always used for disciplining management level employees, like Ms. Kohser. (Doc. 21-3 at 10 at 37-38; *see id.* at 37 ("It does not have to be a three-step process. Managers can skip levels, based on how egregious the performance deficiencies are; and there may be cases where the form is not used at all.")). In her objections, Ms. Kohser makes no effort to factually refute this Rule 30(b)(6) evidence relied upon by the magistrate judge. Further, in reviewing the record on a *de novo* basis and in light of Ms. McNary's unrebutted testimony about how deviations under the non-mandatory progressive disciplinary policy were not uncommon for

---

[12] Alternatively, Ms. Kohser contends that Protective's disciplinary memo form should have been used in lieu of a Corrective Action Form before she was demoted and terminated. (*See* Doc. 21-4 at 72 (attaching sample "Memo" for "Performance and Conduct" issues)).

managerial employees, Ms. Kohser has not adduced evidence from which a reasonable jury could conclude that Mr. Bell's treatment of her was a suspicious anomaly designed to cover up discrimination.

Additionally, while Ms. Kohser passingly asserts that Rita Cook ("Ms. Cook") (who the record shows is African-American) is an appropriate comparator of hers (Doc. 60 at 14 n.2), Ms. Kohser makes no effort to explain how Protective's progressive disciplinary treatment of Ms. Cook is probative of pretext as to either her sex or age discrimination claim. Undoubtedly, Ms. Cook is not a valid comparator for the purpose of Ms. Kohser's sex discrimination claim, as she and Ms. Kohser share the same gender.

As for age, Ms. Kohser does not state in her objections how old Ms. Cook is and, the mere favorable treatment of another employee, without more, does not establish valid comparator status. Further, even if Ms. Cook's age places her outside of the ADEA's protected category or establishes that she is "significantly younger" than Ms. Kohser, Ms. Kohser's position as a managerial employee means that her reliance upon Protective's treatment of a non-managerial employee, such as Ms. Cook, is not an adequate comparison. As Ms. McNary's uncontradicted testimony illustrates, Ms. Kohser and her subordinate employee, Ms. Cook, are not similarly situated when it comes to treatment under Protective's progressive disciplinary

21

policy–the three-step process is not always followed with Protective's managerial employees. *Cf. Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1326 (11th Cir. 2011) ("Although Mitten pointed to certain preferentially treated black employees in non-supervisory positions, he failed to identify a more favorably treated black supervisory employee.").

Therefore, after having conducted a *de novo* review, for all the reasons stated above, the first part of Ms. Kohser's specific objections is **OVERRULED**.

### 2. Ms. Kohser's Specific Objections Based upon her Own Testimony

In the second section of her specific objections, Ms. Kohser contends that the magistrate judge improperly failed to factor in evidence, including her affidavit, that she was never told of any performance issues before her demotion. (*See* Doc. 60 at 17 (citing to Doc. 59 at 29 n.44)). Ms. Kohser also points out that, in the related evidentiary Memorandum Opinion and Order (Doc. 58) entered by the magistrate judge on January 7, 2015, he accepted much of Ms. Kohser's affidavit, including her lack of prior knowledge.

In footnote 44 of the R&R, the magistrate judge acknowledges that one reasonable reading of the record substantiates that her supervisor, Mr. Bell, never talked to Ms. Kohser about her deficiencies before he demoted her. (*See* Doc. 59 at

29 n.44 ("At best, this would show there is no evidence he talked with her . . . .")). Therefore, the court disagrees with Ms. Kohser's position that the magistrate judge's R&R turns upon an erroneous factual finding that she had knowledge of Mr. Bell's concerns about her performance issues in advance of her demotion.

Alternatively, even if the magistrate judge's R&R disregards the evidence contained in Ms. Kohser's affidavit and finds that Ms. Kohser had prior notice of Mr. Bell's dissatisfaction with her performance leading up to her demotion and discharge, such finding is of no consequence because, as the court has already explained above, Ms. Kohser is unable to substantiate that Mr. Bell treated her less favorably than others outside of her protected age or gender status under its non-mandatory progressive disciplinary policy, and whether Ms. Kohser ever <u>actually</u> received a prior verbal warning or other notice from Mr. Bell about her inadequate performance is simply a subset of that same analysis.

Accordingly, after having conducted a *de novo* review, for all the reasons stated above, the second part of Ms. Kohser's specific objections is **OVERRULED** Alternately, it is **TERMED** as **MOOT**, as any purported factual finding by the magistrate judge about Ms. Kohser's prior knowledge does not affect the overall correctness of the magistrate judge's legal conclusion that Ms. Kohser has not demonstrated pretext in terms of purported comparator evidence, and the court

**ACCEPTS** that portion of the R&R.

### 3.    Ms. Kohser's Specific Objections Based upon Improper Inferences

Concerning her age discrimination claim <u>only</u>,[13] Ms. Kohser also specifically objects that the magistrate judge improperly allowed the same actor and same group inferences to influence his recommendation to grant summary judgment. In the R&R, the magistrate judge recites Protective's position that "an age-discrimination plaintiff has a higher burden when the alleged decisionmaker is older than the plaintiff." (Doc. 59 at 49). The magistrate judge also states that "the decisonmaker, Bell, was not only older than Kosher but was also the same person who promoted her into the position from which she was demoted." *Id.*

In *Williams v. Vitro Services Corp.*, 144 F.3d 1438 (11th Cir. 1998), the Eleventh Circuit explained the contours of the same actor inference:

> The circuit courts have applied varying weights to the strength or value of the inference that obtains when the hirer and firer are the same actor. *See, e.g., Bradley v. Harcourt, Brace and Co.*, 104 F.3d 267, 270–71 (9th Cir. 1996) ("[W]here the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive."); *Brown v. CSC Logic, Inc.*, 82 F.3d

---

[13]   The remainder of Ms. Kohser's specific objections focus mostly on the merits of her <u>age</u> discrimination claim. Consequently, the court concludes that summary judgment is appropriate on her <u>gender</u> discrimination claim based upon its analysis of Ms. Kohser's fist and second objections, and **ACCEPTS** the R&R in that regard.

651, 658 (5th Cir. 1996) ("This 'same actor' inference has been accepted by several other circuit courts, and we now express our approval."); *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 959 (4th Cir. 1996) ("[B]ecause Houseman is the same person who hired Evans, there is a powerful inference that the failure to promote her was not motivated by discriminatory animus.") (internal quotation and citation omitted); *E.E.O.C. v. Our Lady of Resurrection Med. Ctr.*, 77 F.3d 145, 152 (7th Cir. 1996) ("If Boettcher wished to discriminate against Braddy because of her race, she could have refused to hire her in the first place, or she could have discharged her because of her deficient qualifications. Boettcher did neither.... The same hirer/firer inference has strong presumptive value."). *But see Waldron v. SL Industries, Inc.*, 56 F.3d 491, 496 n.6 (3rd Cir. 1995) ("[W]here ... the hirer and firer are the same and the discharge occurred soon after the plaintiff was hired, the defendant may of course argue to the factfinder that it should not find discrimination. But this is simply evidence like any other and should not be accorded any presumptive value.").

Although Vitro has pointed to evidence to show that the same individual responsible for hiring Williams after he already was in the protected age group was also responsible for promoting him, for attempting to prolong his stay with Vitro, and, ultimately, for terminating him, we decline to accord to this "same actor" factual circumstance a presumption that discrimination necessarily was absent from the decision to terminate Williams. We nonetheless believe that these facts may give rise to a permissible inference that no discriminatory animus motivated Vitro's actions. *See Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995) ("An individual who is willing to hire and promote a person of a certain class is unlikely to fire them simply because they are a member of that class. This general principle applies regardless of whether the class is age, race, sex, or some other protected classification."). But within the burden-shifting framework that has long been established in this circuit with regard to employment discrimination cases, it is important to reiterate that this inference is a permissible—not a mandatory—inference that a jury may make in deciding whether intentional discrimination motivated the employer's conduct. . . . .

25

> Based on our consistent precedent, as articulated in *Combs*, we conclude that "same actor" evidence of the sort introduced in this instance constitutes <u>evidence that a jury may consider in deciding the ultimate issue of intentional discrimination</u>. Evidence that the same actor both hired and fired the plaintiff, in some circumstances, may help to convince a jury that the defendant's proffered legitimate reasons for its decision are worthy of belief; it is the province of the jury rather than the court, however, to determine whether the inference generated by "same actor" evidence is strong enough to outweigh a plaintiff's evidence of pretext.

144 F.3d at 1442-43 (emphasis added). Thus, in *Williams*, the Eleventh Circuit has made it clear that, within this Circuit, while the same actor inference may be a proper consideration for a jury, it is not for a court to use when deciding motions for summary judgment. Consequently, the third portion of Ms. Kohser's specific objections to the R&R in this <u>limited</u> regard are **SUSTAINED**.

The Eleventh Circuit's treatment of the same group inference is less clear, as *Williams* only expressly deals with the same actor inference. The court is unaware of any binding authority which firmly discusses whether a district court can properly rely upon the same group inference in granting summary judgment, but several cases at least persuasively suggest that using such an inference when granting summary judgment is permissible.

For example in *Ehrhardt v. Haddad Restaurant Group, Inc.*, 443 F. App'x 452 (11th Cir. 2011), an unpublished panel reasoned on summary judgment:

26

> Further, Nabil Haddad and Karabaich, the individuals who made the decision to demote and ultimately terminated Ehrhardt, were within the class of people protected by the AADEA. *See Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1471 (11th Cir.1991) (explaining the plaintiff's burden to show the discharge is motivated by age is more difficult when the decisionmaker is also within the class protected by the ADEA). Ehrhardt presented no evidence that either Nabil Haddad or Karabaich exhibited any age bias.

*Ehrhardt*, 443 F. App'x at 456; *see also Howard v. Steris Corp.*, 886 F. Supp. 2d 1279, 1300 (M.D. Ala. 2012) ("And because they were in the same protected [age] class, it makes it unlikely they would discriminate against him on the basis of a shared characteristic." (citing *Elrod*)).

Similarly, in reversing the judgment entered on a jury verdict in *Elrod*, the Eleventh Circuit found that the plaintiff failed to offer "any substantially probative evidence that age more likely than not motivated his discharge" and further indicated that the plaintiff "faces a difficult burden . . . because all of the primary players behind his termination . . . were well over age forty and within the class of persons protected by the ADEA." 939 F.2d at 1471. However, *Elrod* was decided on a trial record and does not directly address to what degree the same group inference can be invoked by the court on summary judgment.

However, despite any conceivable legal error committed by the magistrate judge in relying upon the same actor and same group inferences, the court nonetheless

concludes that summary judgment is still appropriate on Ms. Kohser's age discrimination claim due to the absence of sufficient pretext. In an effort to demonstrate satisfaction of this prong in the context of her age discrimination claim, Ms. Kohser relies upon what she claims to be examples of age-stereotyping made about her in the factual portion of Protective's brief filed in support of its Motion:

> A theme which runs through Defendant's motion is that Kohser was resistant to change and unwilling to adapt. It starts with the claim that she did not know the TAI process and did not have a working knowledge of the TAI side (Doc. 19, ¶ 22) and proceeds from there: she was resistant to the gorilla project (Doc. 19, ¶ 45); she was interfering with communications in the department (Doc. 19, ¶ 70); she was resistant to change (Doc. 19, ¶ 77); and she had the inability to learn (Doc. 19, ¶¶ 98-99).

(Doc. 60 at 20 (citing to factual portion of Protective's brief filed in support of its Motion)). As her primary legal authority, Ms. Kohser cites to *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503 (5th Cir. 1988) as well as other two other later cases arising in the Fifth Circuit, *Machinchick v. PB Power, Inc.*, 398 F.3d 345 (5th Cir. 2005) and *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305 (5th Cir. 2004).[14] (Doc. 44

---

[14] Neither *Machinchick* nor *Rachid* helps Ms. Kohser on summary judgment, as they are both significantly distinguishable due to the high caliber of age-related evidence adduced by each respective plaintiff. *Machinchick* included evidence of a "plan to 'strategically hire some younger engineers and designers.'" 398 F.3d at 345. Likewise in *Rachid*, the Fifth Circuit observed:

> In the case *sub judice*, <u>Rachid presents far more evidence of age discrimination than was presented in *Bienkowski*</u>. Rachid testified that Powers made numerous ageist comments-including one situation where Powers allegedly said: "[A]nd don't forget it, [Rachid], you're too old, too"-and Haidar supported Rachid's

at 63 n.14).

In *Bienkowski*, the plaintiff's "supervisors allegedly commented that Bienkowski looked 'sharp' if he was going to look for another job. The supervisors also commented on his inability or willingness to 'adapt' to new systems in the department." 851 F.2d 1503, 1507 n.4. In reversing the district court's order granting summary judgment, the Fifth Circuit held:

> We conclude that Bienkowski's evidence is <u>barely sufficient</u> to create a jury issue of intentional age discrimination. <u>Unlike the district court, we are unwilling to assume that indirect comments about his age and adaptability are not possibly probative of an unlawful discriminatory intent, given the parties' sharp disagreements over the operative facts of Bienkowski's performance</u>. Moreover, live testimony will assist the necessary credibility choices in this case more effectively than printed affidavits.
>
> Our conclusion is carefully circumscribed and circumspect, however. First, <u>Bienkowski has lent his oath to evidence much more specific than that in previous cases</u>, which have held that a plaintiff's conclusory testimony of adequate job performance, standing alone, is insufficient to raise a jury issue of age discrimination. *See, e.g., Reeves v. General Goods Corp.*, 682 F.2d 515, 524 (5th Cir. 1982); *Simmons v. McGuffy Nursing Home, Inc.*, 619 F.2d 369 (5th Cir. 1980); *Aquamina*

---

assertions that Powers continually made such comments. Rachid even spoke with human resources prior to his termination to express his fear that Powers would try to fire him because of his age. Despite JIB's focus on Teal-Guess's investigation and company policy, it was Powers who terminated Rachid, and it was Powers who repeatedly made ageist comments to and about Rachid. Such comments preclude summary judgment because a rational finder of fact could conclude that age played a role in Powers's decision to terminate Rachid.

*Rachid*, 376 F.3d at 315-16 (emphasis added).

*v. Eastern Airlines, Inc.*, 644 F.2d 506 (5th Cir. 1981); *Dale v. Chicago Tribune Co.*, 797 F.2d 458 (7th Cir. 1986); *Bohrer v. Hanes Corp.*, 715 F.2d 213, 219 (5th Cir. 1983). Questions of motivation are necessarily raised by the affidavits of Bienkowski and his supervisors, whose renditions of their conversations and meetings with each other differ diametrically and very specifically.

Second, we do not hold that a verdict for Bienkowski would be supportable only on evidence that American's reasons for firing him are not justified or supported by objective facts. . . .

We do not transgress these principles, because granting Bienkowski the inferences that may be drawn from the affidavits, a jury could conclude that his supervisors' evaluation of his performance lacked veracity and that their true motivation resided in their age-based comments.

*Bienkowski*, 851 F.2d at 1507, 1508 (emphasis added).

As the magistrate judge correctly contrasted this record with that before the Fifth Circuit in *Bienkowski*, the level of specific evidence presented by Ms. Kohser concerning the caliber of her job performance is lacking. (Doc. 59 at 50). Thus, Ms. Kohser simply has not met the *Bienkowski* standard, <u>regardless of any same actor and same group inferences</u>. While Ms. Kohser contends in this section of her specific objections that she "presented at least as much evidence as the plaintiff in *Bienkowski*" about her adequate job performance (Doc. 60 at 22), she offers <u>nothing</u> to specifically substantiate this assertion, and "[s]tatements by counsel in briefs are

not evidence." *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980).[15]

Alternatively, to the extent that Ms. Kohser's meager evidence is enough to satisfy *Bienkowski*, the court is not persuaded to follow that authority. *Bienkowski* is not binding on this court and, based upon this court's own independent research, the Eleventh Circuit has neither cited to *Bienkowski* favorably nor embraced its "barely sufficient" formula in finding a triable claim under the ADEA. *Cf. Rachid*, 376 F.3d at 315 ("Comments to look 'sharp' and comments concerning an employee's willingness to 'adapt' to new systems <u>are rather nebulous</u>, but they allowed Bienkowski to avoid summary judgment.") (emphasis added).

Accordingly, after having conducted a *de novo* review, for all the reasons stated above, the third part of Ms. Kohser's specific objections is **SUSTAINED IN LIMITED PART** and otherwise is **OVERRULED**. Further, the court **ACCEPTS**

---

[15]   A further problem with Ms. Kohser's reliance on *Bienkowski* is that she fails to identify adequate proof of age-related comments made about her that are attributable to the undisputed sole decisionmaker, Mr. Bell. Indeed, even Ms. Kohser's  summary of facts contained in her objections lacks any reference to examples of Mr. Bell's age-based animus. (Doc. 60 at 3-11). The closest that Ms. Kohser comes to potentially linking Mr. Bell to a purported ageist comment is her reference to language contained in Protective's EEOC position statement (*see* Doc. 44 at 62, 63; *see also* Doc. 21-7), which summarizes Mr. Bell's findings about Ms. Kohser's deficiencies to include "repeatedly demonstrat[ing] an unwillingness or inability to adapt to change and to consider and adopt new and better ways of performing the Red Team's work." (Doc. 21-7 at 6). Thus, at best, Ms. Kohser has identified only <u>one</u> arguably age-based observation made about her by Ms. Bell. In contrast, the record in *Bienkowski* included <u>multiple</u> indirect age-based comments made by the plaintiff's supervisors and, even there, the Fifth Circuit found such evidence, coupled with a specifically and sharply contested record of the plaintiff's job performance to be "barely sufficient to create a jury issue of intentional age discrimination." 851 F.2d at 1507.

the R&R's conclusion (as modified above) that the Motion is due to be **GRANTED** on Ms. Kohser's ADEA (and AADEA) count(s).

### 4.   Ms. Kohser's Objection Based upon the Absence of an Honest Good Faith Belief

The fourth part of Ms. Kohser's specific objections suggests that summary judgment is inappropriate because "Bell did not act on the basis of an honest good faith belief that Kohser was unable to perform her duties when he demoted and later terminated her." (Doc. 60 at 27). Ms. Kohser further states that "the [m]agistrate [j]udge's conclusion that Defendant has established the good faith belief defense is erroneous." (*Id.* at 28). In asserting this objection, Ms. Kohser fails to reference any specific pages of the R&R in which she contends the magistrate judge erred. Consequently, the specific objection is **OVERRULED** as underdeveloped.

The objection is also **OVERRULED** substantively. In particular, Ms. Kohser seems to be asking this court to disregard or discount the honest belief rule on summary judgment. (*See, e.g.*, Doc. 60 at 23 ("One fundamental flaw with the so-called 'honest belief rule' at the summary judgment stage is that, by definition, it requires the Court to assess the credibility of witnesses.")).

However, as explained in *Elrod v. Sears, Roebuck and Co.*, 939 F.2d 1466 (11th Cir. 1991), the honest belief rule is a binding employment law principle within

the Eleventh Circuit that deserves consideration on summary judgment.

> Federal courts "do not sit as a super-personnel department that reexamines an entity's business decisions. No matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, the ADEA does not interfere. Rather, our inquiry is limited to whether the employer gave an honest explanation of its behavior." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359, 1365 (7th Cir. 1988) (citations omitted). "[F]or an employer to prevail the jury need not determine that the employer was correct in its assessment of the employee's performance; it need only determine that the defendant in good faith believed plaintiff's performance to be unsatisfactory...." *Moore v. Sears, Roebuck & Co.*, 683 F.2d 1321, 1323 n. 4 (11th Cir. 1982) (emphasis in original). *See also Jones*, 874 F.2d at 1540; *Smith v. Papp Clinic, P.A.*, 808 F.2d 1449, 1452–53 (11th Cir. 1987) ("[I]f the employer fired an employee because it honestly believed that the employee had violated a company policy, even if it was mistaken in such belief, the discharge is not 'because of race' and the employer has not violated § 1981.").

*Elrod*, 939 F.2d at 1470.

Further, the magistrate judge appropriately described and relied upon the honest belief rule in his R&R. (*See* Doc. 59 at 51 ("Although Kohser has presented her own testimony to support her contention Bell's reasons for demoting and terminating her were erroneous, she has been unable to present evidence leading to a reasonable inference Bell, the decisionmaker, did not have a good faith belief in the truth of his reasons, which is the question relevant to his intent.")).

Accordingly, after having conducted a *de novo* review, for all the reasons stated above, the fourth part of Ms. Kohser's objections is **OVERRULED**. Further, the

court **ACCEPTS** the R&R's conclusion that the Motion is due to be **GRANTED** on Ms. Kohser's age discrimination claim.

### 5.    Ms. Kohser's Specific Objection Based upon a Purported Mosaic of Convincing Evidence

Ms. Kohser alternatively contends that, regardless of her ability to satisfy the more common comparator evidence model, a convincing mosaic of a facts establishes a material factual dispute about Protective's discriminatory intent in its treatment of her. (Doc. 60 at 28); *see also Smith*, 644 F.3d at 1328 ("A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents 'a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker.'" (footnote omitted) (emphasis added) (quoting *Silverman v. Bd. of Educ.*, 637 F.3d 729, 734 (7th Cir. 2011))).[16]

However, in an attempt to validate her gender and age claims under this convincing mosaic framework, Ms. Kohser merely points out that a male took over

---

[16]    In *Smith*, the Eleventh Circuit reversed the district court's order granting summary judgment even though the panel confirmed that the plaintiff's comparator evidence was lacking. 644 F.3d at 1327 ("In his brief to this court, he repeats the argument he presented to the district court—that he does not need a black supervisor comparator because the record contains sufficient circumstantial evidence to create a triable issue of fact as to whether Lockheed fired him because he is white."); *see id.* ("We agree and find that the district court erred in granting Lockheed summary judgment."); *see also id.* 1328 ("Here, Mitten did not need to rely on the *McDonnell Douglas* presumption to establish a case for the jury."); *see also id.* ("As the following discussion explains, the record contained sufficient evidence to allow a jury to infer that Lockheed fired Mitten because he is white.").

her duties and that Protective (incorrectly, according to Ms. Kohser) claims "that she was unwilling to adapt to change." (Doc. 60 at 29). As explained in more detail below, these parts of the record do not <u>reasonably</u> create a triable inference of gender or age discrimination. *Cf. Smith*, 644 F.3d at 1328 ("Yet, no matter its form, so long as the circumstantial evidence raises a <u>reasonable</u> inference that the employer discriminated against the plaintiff, summary judgment is improper.") (emphasis added).

For example, merely because a male employee subsequently assumed her job duties, this fact, alone, does not create a reasonable inference that Mr. Bell demoted and fired Ms. Kohser on the basis of her gender. Instead, given Mr. Bell's performance-related explanation for his treatment of Ms. Kohser and in the absence of a suitable comparator, more circumstantial evidence of a gender bias on the part of Mr. Bell or some other gender-driven proof would be needed for a reasonable jury to infer the existence of gender discrimination under *Smith*'s mosaic model.[17] Ms.

---

[17] The Eleventh Circuit summarized the pieces of race-related evidence in *Smith* to include:

> The foregoing circumstantial facts preclude summary judgment in this case as a jury reasonably could infer that Lockheed only fired Mitten because he is white. The evidence yields this inference because it: (1) suggests that Lockheed's justification for firing Mitten is a pretext for racial animus; (2) shows that Lockheed had a substantial incentive to discipline white employees more harshly than black employees in the summer of 2005; and (3) indicates clearly that Lockheed consciously injected race considerations into its discipline decision making without an adequate explanation for doing so.

Kohser's evidence falls short of creating such a triable gender claim.

As for her age claim, Protective has taken the position in its brief as well as in other parts of the record that Ms. Kohser was "resistant to changes." (Doc. 19 at 15 ¶ 77 (citing Doc. 18-1 at 49 at 166-69; Doc. 21-2 at 27-31 at Ex. 36)).[18] While in opposing Protective's Motion Ms. Kohser disputes this fact as conclusory, mischaracterizing of testimony, and lacking in foundation (Doc. 44 at 33 ¶ 77), she, in turn, attempts to rely on this same description of Ms. Kohser's deficient performance as circumstantial evidence of Mr. Bell's ageist attitude about her. (Doc. 60 at 29).

However, the particular underlying evidence relied upon by Protective in an effort to substantiate this factual contention has nothing to do with Mr. Bell or any arguably age-driven comments that he (or any other employee) made about Ms. Kohser. Instead, Protective references only Ms. Kohser's own deposition testimony, (which describes her dealings with Tonya Pettis ("Ms. Pettis") over the preparation of Protective's Schedule S to be filed with regulatory agencies), and contends that this evidence underscores Ms. Kohser's resistance to change. (*See* Doc. 18-1 at 49 at 166-69; *see also* Doc. 21-2 at 27-31 at Ex. 36 (attaching email communications between

_____

644 F.3d at 1340. Ms. Kohser's purported discriminatory proof is considerably less.

[18]   The first pinpoint references for Doc. 21-2 correspond with the court's CM/ECF numbering system.

Ms. Kohser and Ms. Pettis about Schedule S)).

Relying upon Protective's factual contention made in its brief to circumstantially show Mr. Bell's discriminatory age-based intent misses the mark in several respects. First, this factual contention offered in a brief is not evidence, but rather only Protective's lawyer's characterization of the evidence. Second, the critical inquiry in this circumstantial evidence case is whether Mr. Bell, the undisputed sole decisionmaker, ever expressly made any discriminatory comments or otherwise demonstrated a discriminatory animus from which a reasonable jury could infer the existence of age discrimination. *Cf., e.g., Steger v. General Elec. Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003) ("A decision maker's discriminatory comment which may not qualify as direct evidence of discrimination may constitute circumstantial evidence which could assist a jury in disbelieving the employer's proffered reasons for the adverse action.").

Here, Ms. Kohser has only linked one nebulous arguably age-related assessment of her by Mr. Bell. *See* court's discussion of Protective's EEOC position statement at 31 n.15, *supra*. Ms. Kohser has not developed a record from which a reasonable jury could conclude that Mr. Bell's had an age-focused bias that infused

the decisionmaking process.[19] Thus, in the absence of a reasonable inference that Mr.

Bell discriminated against her on the basis of her age, Ms. Kohser has not met *Smith*'s

mosaic standard on that claim either.

Instead, granting summary judgment on Ms. Kohser's gender and age claims

is consistent with the Supreme Court's decision in *Reeves*:

> Thus, a plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.

> This is not to say that such a showing by the plaintiff will *always* be adequate to sustain a jury's finding of liability. Certainly there will be instances where, although the plaintiff has established a *prima facie* case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or <u>if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.</u>

*Reeves*, 530 U.S. at 148, 120 S. Ct. at 2109 (emphasis by underlining added).

Here, to the extent that Ms. Kohser has created an issue of fact about the

truthfulness of Mr. Bell's decision to demote and fire her, she has, at best, only shown

---

[19]  The treatment of Ms. Cook under Protective's disciplinary policy does not help Ms. Kohser under the mosaic model either, as Ms. Kohser was the decisionmaker in that instance, not Mr. Bell.

a weak dispute or a weak mosaic of discriminatory evidence. Further, the record otherwise confirms that Mr. Bell's decision was free from any considerations of Ms. Kohser's age or gender.

Accordingly, after having conducted a *de novo* review, for all the reasons stated above, the fifth part of Ms. Kohser's specific objections is **OVERRULED**. Further, the court **ACCEPTS** the R&R's conclusion that the Motion is due to be **GRANTED** on Ms. Kohser's age and gender discrimination claims.

### 6.   Ms. Kohser's Specific Objection Based upon Negligent and Wanton Hiring, Training, Supervision, and Retention

Finally, within the conclusion of her objections, Ms. Kohser states that "[b]ecause [she] can establish that she was demoted and/or terminated because of her age, the Magistrate Judge erred in recommending that her claim for Negligent/Wanton Hiring, Training, Supervision, and Retention Claim be dismissed." (Doc. 60 at 29-30).

Because this court has concluded *de novo* that Ms. Kohser has no triable age discrimination claim, it agrees with the magistrate judge that "her derivative claim [premised upon the AADEA] for negligent/wanton hiring, training, supervision, and retention is due to be **DISMISSED**." (Doc. 59 at 53).

Accordingly, after having conducted a *de novo* review, for all the reasons stated

above, the sixth part of Ms. Kohser's objections is **OVERRULED**. Further, the court **ACCEPTS** the R&R's conclusion that the Motion is due to be **GRANTED** on Ms. Kohser's claim for negligent/wanton hiring, training, supervision, and retention arising under Alabama law.

## IV.   Conclusion

For the reasons set out above, the court **SUSTAINS IN LIMITED PART**, alternatively **TERMS** as **MOOT IN PART**, and otherwise **OVERRULES** Ms. Kohser's objections. The court further **ACCEPTS** the R&R as modified herein. Accordingly, Protective's Motion (Doc. 17) is due to be **GRANTED**, and Ms. Kohser's case is due to be **DISMISSED WITH PREJUDICE**. The court will enter a separate final judgment order consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 25th day of March, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge